IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICK A. TAYLOR, AMBER N. TAYLOR, and Z.T., by his next friends NICK A. TAYLOR and/or AMBER N. TAYLOR, <br><br> Plaintiffs, <br><br> *vs.* <br><br> BW WINGS MANAGEMENT, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) Cause No. 22-106 ) ) ) ) ) ) ) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff Nick A. Taylor, Amber N. Taylor and Z.T., by his next friends Nick A. Taylor and/or Amber N. Taylor (collectively the "Taylors"), by counsel, for their Complaint for Damages and Demand for Trial by Jury, state as follows:

### I.    INTRODUCTION

1.    This is an action brought by the Taylors against Defendant BW Wings Management, LLC, ("BW Wings") between which parties there was an employment and fiduciary relationship. Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") and other federal and state law not pre-empted by ERISA when it terminated Mrs. Taylor's and ZT's health insurance. The Taylors bring claims for out-of-pocket medical costs, emotional distress, statutory penalties, interest, and attorneys' fees and costs, under ERISA and federal and state law.

### II.    VENUE

2.    The Taylors are residents of Allen County in the State of Indiana and are citizens of the United States of America.

1

3. Defendant BW Wings Management, LLC's principal office is located in LaPorte County in the State of Indiana.

4. The unlawful practices alleged below arose primarily in Allen County, Indiana.

### III.  PLAINTIFFS

5. The Taylors are citizens of the United States, and are currently, as they were during all times relevant to this Complaint, residents of Allen County in the State of Indiana.

6. The Taylors reside in Fort Wayne, Indiana.

7. During all times relevant to this Complaint, Mr. Nick A. Taylor worked as a Director of Operations for BW Wings in Indiana and Michigan.

8. During all times relevant to this Complaint, Mrs. Amber N. Taylor was and currently is Mr. Taylor's wife, and Mr. Taylor was promised in Allen County, Indiana health insurance by BW Wings for Mrs. Taylor.

9. During all times relevant to this Complaint, Z.T., by his next friends Nick A. Taylor and/or Amber N. Taylor, ("ZT") was Mr. and Mrs. Taylor's son, and Mr. Taylor was promised in Allen County, Indiana health insurance by BW Wings for ZT.

### IV.  DEFENDANT

10. BW Wings Management, LLC, is located at 2745 N. State Road 39, LaPorte, Indiana, 46350.

11. BW Wings Management, LLC, is registered with the Indiana Secretary of State to do business within the State of Indiana as a Domestic Limited Liability Company.

12. At all times relevant to this action, BW Wings Management, LLC, employed Mr. Taylor, and Mr. Taylor performed most of his work for BW Wings Management, LLC, in Allen County, Indiana.

13.     BW Wings Management, LLC is the Plan Fiduciary of the BW Wings Management LLC Employee Benefit Plan (Ex. A) (the "Plan") and served in a fiduciary capacity as Mr. Taylor's employer.

## V.     STATEMENT OF FACTS

**A.     Mr. Taylor began employment with BW Wings on February 27, 2017 and was promoted to Director of Operations in February 2020.**

14.     Mr. Taylor began working for BW Wings as a Regional Manager on or around February 27, 2017 and was later promoted to Area Director before accepting the promotion to Director of Operations in February of 2020.

15.     As Director of Operations, Mr. Taylor staffed, trained, and developed managers at twelve (12) different BW Wings locations.

16.     Mr. Taylor's duties as Director of Operations involved overseeing daily operations at twelve (12) different BW Wings locations.

17.     Mr. Taylor was successful in his prior jobs and in his role as Director of Operations with BW Wings.

**B.     When Mr. Taylor was promoted to Director of Operations, BW Wings promised that it would provide health insurance to Mr. Taylor's family.**

18.     As part of Mr. Taylor's promotion to Director of Operations and Mr. Taylor's employment benefits, BW Wings promised Mr. Taylor that it would provide health insurance to Mrs. Taylor and ZT.

19.     BW Wings began providing health insurance to Mrs. Taylor and ZT on March 1, 2020.

20.     Ms. Meredith Wireman informed Mr. Taylor via email on March 3, 2020, that health insurance for Mrs. Taylor and ZT was effective March 1, 2020.

**C.     After health insurance began for Mrs. Taylor and ZT, Mrs. Taylor was diagnosed with an aggressive form of breast cancer.**

21.     After health insurance began for Mrs. Taylor and ZT on March 1, 2020, Mrs. Taylor was diagnosed with an aggressive form of breast cancer.

22.     Mrs. Taylor was scheduled for surgery related to her breast cancer on July 29, 2020.

**D.     After approximately five months of coverage, BW Wings suddenly cancelled Mrs. Taylor's and ZT's health insurance.**

23.     On or about July 16, 2020, after Mrs. Taylor's surgery was scheduled but before it had occurred, Mr. Mark Jones, co-owner of BW Wings, informed Mr. Taylor that Mrs. Taylor's and ZT's health insurance was improperly implemented under the Plan outside of the open enrollment period, and the health insurance for Mrs. Taylor and ZT under the Plan would end effective July 31, 2020.

24.     On July 17, 2020, Mr. Taylor spoke with Mr. David Moore, an insurance liaison for BW Wings, about the cancellation of Mrs. Taylor's and ZT's health insurance that had been promised to Mr. Taylor earlier that year.

25.     Mr. Moore told Mr. Taylor during that phone call that the health insurance for Mrs. Taylor and ZT under the Plan would terminate on July 31, 2020.

26.     On or about July 21, 2020, Mr. Taylor told Mr. Moore about Mrs. Taylor's upcoming surgery scheduled for July 29, 2020 related to her breast cancer.

27.     The next day, on or about July 22, 2020, Mark Jones called Mr. Taylor and informed him that Mrs. Taylor's and ZT's health insurance under the Plan would be retroactively cancelled to June 30, 2020.

4

**E.     Because Mrs. Taylor's health insurance was cancelled, her cancer surgery was delayed, causing significant financial and emotional harm.**

28. Because Mrs. Taylor had no health insurance and could not afford to pay out of pocket for the surgery, she was forced to postpone her breast cancer-related surgery.

29. This posed great risk to Mrs. Taylor's health and, because her surgery had to be delayed, likely resulting in the cancer spreading to her lymph nodes, thus increasing the likelihood that the cancer will spread or recur.

30. The Taylors relied on BW Wings' statements and promises that Mrs. Taylor and ZT could obtain, did obtain, and would continue to have health insurance provided by BW Wings during 2020, at a minimum.

31. The retroactive cancellation of Mrs. Taylor's and ZT's health insurance caused the Taylors to suffer out-of-pocket and other significant damages.

32. The Plan is a self-funded group health plan maintained by BW Wings for the purpose of providing health insurance to eligible full-time employees of BW Wings.

33. CIGNA and OrchestrateHR serve as third-party administrators for the Plan.

## VI.    STATEMENT OF CLAIMS

### COUNT I
*(Interference with Exercise of Rights and/or Violation of Rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.)*

34. The Taylors incorporate the allegations of paragraphs 1 through 35 above and, in addition, state that BW Wings' acts and omissions interfered with ERISA-protected rights and/or constituted a violation of the Taylors' rights under ERISA.

35. The Taylors were participants and/or beneficiaries under the Plan.

36. At all times relevant, BW Wings was the plan administrator of the Plan.

5

37. Mrs. Taylor and ZT were covered under the Plan from March 1, 2020 to June 30, 2020.

38. After promising to provide health insurance to Mrs. Taylor and ZT during 2020, at a minimum, BW Wings cancelled the health coverage retroactively after it learned that Mrs. Taylor was diagnosed with breast cancer and was scheduled for surgery on July 29, 2020.

39. BW Wings' conduct violated ERISA and caused harm to the Taylors.

## COUNT II
*(Promissory Estoppel)*

40. The Taylors incorporate the allegations of paragraphs 1 through 39 above and, in addition, state that BW Wings' acts and omissions in this matter give rise to a claim of promissory estoppel.

41. BW Wings promoted Mr. Taylor in February 2020, and as part of that promotion, BW Wings promised Mr. Taylor health insurance for Mrs. Taylor and ZT going forward.

42. BW Wings later provided Mrs. Taylor and ZT health insurance ID cards and paid health insurance premiums for the Taylors, thus fulfilling its promise to provide health insurance to Mrs. Taylor and ZT.

43. BW Wings provided health insurance to Mrs. Taylor and ZT, knowing that the Taylors would rely and that they did rely on its promise to provide health insurance for 2020, at a minimum.

44. By accepting BW Wings' health insurance, the Taylors relied on BW Wings' promise to provide health insurance for 2020, at a minimum.

45. Because of BW Wings retroactively cancelled Mrs. Taylor's and ZT's health insurance only a few months later effective June 30, 2020, the Taylors have been damaged both financially and emotionally.

46. BW Wings acted in bad faith and knowingly cancelled Mrs. Taylor's and ZT's health insurance after learning of Mrs. Taylors' breast cancer diagnosis and upcoming surgery. BW Wings, therefore, has no good faith defense to the Taylors' claims.

## COUNT III
*(Breach of Fiduciary Duty)*

47. The Taylors incorporate the allegations of paragraphs 1 through 46 above and, in addition, state that BW Wings' acts and omissions in this matter give rise to a claim of breach of fiduciary duty.

48. As provided in the Plan, BW Wings is the Plan Fiduciary of the Plan.

49. BW Wings stands in a fiduciary relationship to Mr. Taylor, and by extension Mrs. Taylor and ZT, because of the employment relationship that existed between BW Wings and Mr. Taylor.

50. BW Wings breached its fiduciary duty to the Taylors when it unilaterally, retroactively and wrongfully terminated the health insurance for Mrs. Taylor and ZT effective June 30, 2020.

51. The Taylors have been injured by BW Wings' breach of its fiduciary duty.

## COUNT IV
*(Fraud)*

52. The Taylors incorporate the allegations of paragraphs 1 through 51 above and, in addition, state that BW Wings' acts and omissions in this matter constitute fraud.

53. BW Wings made material misrepresentations of past or present existing facts when it told the Taylors that Mrs. Taylor and ZT qualified for health insurance under the Plan and/or it provided health insurance to Mrs. Taylor and ZT as of March 1, 2020, only to cancel that coverage months later.

54. The Taylors relied to their detriment on BW Wings' conduct and statements.

55. BW Wings made the misrepresentations with knowledge or in reckless ignorance of their falsity because, as the Plan Fiduciary, BW Wings knew or should have known whether Mrs. Taylor and ZT were eligible for health insurance under the Plan. Even so, once it provided health insurance to Mrs. Taylor and ZT, it was obligated to maintain health insurance for them, even if they were not covered under the Plan.

56. The Taylors suffered injuries as a proximate result of BW Wings' misrepresentations because they incurred uncovered medical expenses and suffered emotional distress and other damages after the cancellation of Mrs. Taylor's and ZT's health insurance.

## COUNT V
*(Constructive Fraud)*

57. The Taylors incorporate the allegations of paragraphs 1 through 56 above and, in addition, state that BW Wings' acts and omissions in this matter constitute constructive fraud.

58. Because of the employment relationship between BW Wings and Mr. Taylor and because BW Wings is the Plan Fiduciary of the Plan, BW Wings owed a special duty to Mr. Taylor and, by extension to Mrs. Taylor and ZT, to be truthful and fulfill its commitments to the Taylors.

59. BW Wings made material misrepresentations of past or present existing facts when it told the Taylors that Mrs. Taylor and ZT qualified for health insurance and/or then provided health insurance to Mrs. Taylor and ZT as of March 1, 2020, only to retract that coverage months later.

60. The Taylors relied to their detriment on BW Wings' conduct and statements.

61. BW Wings made the misrepresentations with knowledge or in reckless ignorance of their falsity because, as the Plan Fiduciary, BW Wings knew or should have known whether Mrs. Taylor and ZT were eligible for health insurance under the Plan. Even so, once it provided health insurance to Mrs. Taylor and ZT, it was obligated to maintain health insurance for them, even if they were not covered under the Plan.

62. The Taylors suffered injuries as a proximate result of BW Wings' misrepresentations because they incurred uncovered medical expenses and suffered emotional distress and other damages after the cancellation of Mrs. Taylor's and ZT's health insurance.

## COUNT VI
*(Intentional Infliction of Emotional Distress)*

63. The Taylors incorporate the allegations of paragraphs 1 through 62 above and, in addition, state that BW Wings' conduct in this matter constitutes intentional infliction of emotional distress.

64. BW Wings' actions in this matter constitute extreme and outrageous conduct.

65. The Taylors relied to their detriment on BW Wings' assurances.

66. BW Wings' reckless and/or intentional conduct caused severe emotional distress to the Taylors.

67. BW Wings is liable for the Taylors' emotional distress.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Nick Taylor, Amber Taylor and ZT pray for judgment in their favor against Defendant and pray that the following relief be awarded:

a. Order Defendant to make Plaintiffs whole by compensating them for the unlawful cancellation of Mrs. Taylor's and ZT's health insurance;

b. Order Defendant to make Plaintiffs whole by assessing all appropriate civil penalties and by providing all available legal and/or equitable relief for the Defendant's breach of its promises;

c. Order Defendant to make Plaintiffs whole by assessing all appropriate civil penalties and by providing all available legal and/or equitable relief for its breach of fiduciary duties owed to Plaintiffs;

d. Order Defendant to make Plaintiffs whole by assessing all appropriate civil penalties and by providing all available legal and/or equitable relief for its acts of fraud and/or constructive fraud;

e. Order Defendant to make Plaintiffs whole by assessing all appropriate civil penalties and by providing all available legal and/or equitable relief for their acts of fraud and/or constructive fraud, including punitive damages, treble damages and the costs of this action, including attorneys' fees;

f. Order Defendant to make Plaintiffs whole by assessing all appropriate civil penalties and by providing all available legal and/or equitable relief for its intentional infliction of emotional distress; and

g. Award Plaintiffs the cost of this action, including reasonable attorneys' fees, and any such other relief as the Court may deem just, proper and equitable.

## VIII. <u>RESERVATION OF RIGHTS</u>

Pursuant to the rules of pleading and practice, Plaintiffs reserve the right to assert additional violations of federal and state law.

## IX. <u>JURY TRIAL</u>

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*s/Chad H. Holler*
Sandra L. Blevins, Atty. No. 19646-49
Chad H. Holler, Atty. No. 35253-49

*Attorneys for the Taylors*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana  46204
Office:  (317) 687-2222
Fax:  (317) 687-2221
E-mail: litigation@betzadvocates.com