UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NICK A. TAYLOR,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00106-HAB-SLC |
| | ) |
| **BW WINGS MANAGEMENT, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

On June 15, 2022, Plaintiffs filed an unopposed motion for an extension (ECF 18), seeking additional time to respond to a motion to dismiss filed by Defendant on May 31, 2022, pursuant to Federal Rule of Civil Procedure 12(b) (ECF 14).  The Court granted the motion for extension, affording Plaintiffs to and including July 26, 2022, to file their response.  (ECF 19).

Now before the Court is Plaintiffs' motion to amend complaint filed on July 22, 2022, together with a proposed first amended complaint, seeking leave to amend in an effort to remedy at least some of the deficiencies alleged in Defendant's motion to dismiss.  (ECF 20, 20-2).  On August 5, 2022, Defendant filed a response in opposition to the motion to amend, asserting that the motion should be denied on the basis of futility.  (ECF 22).  Plaintiffs timely replied (ECF 25), and thus, the motion to amend is now ripe for ruling.

Defendant argues in opposition to the motion to amend that "Plaintiffs should not be permitted to unnecessarily delay the disposition of the claims subject to dismissal and endeavor to force [Defendant] to file yet another (nearly identical) motion to dismiss the Amended Complaint when it is apparent that Plaintiffs' claims remain subject to dismissal."  (ECF 22 at 1). Defendant, relying on an outdated version of Federal Rule of Civil Procedure 15(a) in its brief,

asserts that "a party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party." (ECF 22 at 4). But the current version of Rule 15(a) actually states that a party may amend its pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b), (e), or (f)*, whichever is earlier." Fed. R. Civ. P. 15(a)(1) (emphasis added). Otherwise, a party may amend its pleading only with leave of court or the opposing party's consent. Fed. R. Civ. P. 15(a)(2).

Plaintiffs have not previously amended their complaint, and no deadline has yet been set for amendments to the pleadings. As already explained, Plaintiffs moved for an extension of time to respond to Defendant's Rule 12(b) motion within 21 days after Defendant filed it (ECF 18), and the Court granted Plaintiffs' unopposed request (ECF 19). The Court interprets Plaintiffs' request for an extension of time to "respond" to the motion to dismiss, to implicitly include an extension of time to amend their complaint as a matter of course. Plaintiffs then timely filed the motion to amend within that period. (ECF 25). As such, it is the Court's perspective that having received the extension, Plaintiffs are entitled to file the proposed amended complaint as a matter of course pursuant to Rule 15(a)(1) in response to Defendant's motion to dismiss.

And even if Plaintiffs were not so entitled, leave to amend "should be freely given when justice so requires." Fed. R. Civ. 15(a)(2). Further, it is the Undersigned's view that Defendant's objections based on futility "are more appropriately raised in a motion to dismiss . . . . when they can be addressed in a more concise manner." *Kelly v. Laminated Prods., Inc.*, No.

99 C 50234, 2001 WL 503051, at *1 (N.D. Ill. May 10, 2001); *see Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KLM, 2021 WL 3816113, at *2 (D. Colo. Apr. 26, 2021) ("[T]he Court is inclined instead to allow [the party] to amend and leave the question of whether she has adequately stated claims against other parties to be decided on a fully-briefed dispositive motion . . . ."). "Courts around the country have routinely held that it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend, particularly when the futility arguments are duplicative of arguments raised in a motion to dismiss." *MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, No. 3:20-cv-50056, 2022 WL 3369275, at *4 (N.D. Ill. Aug. 16, 2022) (citing *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) (collecting cases)). Accordingly, the Undersigned declines to take up Defendant's futility arguments in the context of Plaintiffs' motion to amend, particularly given Defendant's pending motion to dismiss.

Therefore, Plaintiffs' motion to amend (ECF 20) is GRANTED. The Clerk is DIRECTED to show Plaintiffs' amended complaint (ECF 20-2) and exhibit (ECF 20-3) filed.

SO ORDERED.

Entered this 30th day of August 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge