UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICK A. TAYLOR, AMBER N. TAYLOR, and Z.T. by his next friends NICK A. TAYLOR and AMBER N. TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BW WINGS MANAGEMENT, LLC.,<br><br>　　　　Defendant. | CAUSE NO.: 1:22-CV-0106-HAB-SLC |

**OPINION AND ORDER**

Four months after BW Wings Management, LLC., (BW Wings) extended dependent health insurance benefits to Plaintiff's family (collectively "the Taylors"), it took them back. This decision had dire consequences for the Taylors. They brought suit asserting interference with their health benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, *et seq.*, as well as state law claims for promissory estoppel, breach of fiduciary duty, fraud, constructive fraud, and intentional infliction of emotional distress. BW Wings moves to dismiss the Amended Complaint asserting that it fails to state an ERISA claim and all the state law claims are preempted by ERISA. (ECF No. 31). Because the Court finds that the Amended Complaint plausibly alleges facts that support an ERISA claim and the argument that the state law claims are preempted is not properly raised in a motion to dismiss, the Defendant's motion will be DENIED.

**DISCUSSION**

**A. Legal Standard**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of

the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The allegations, however, must "give the defendant fair notice of what the...claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B. Factual Background

BW Wings Management, LLC (BW Wings) is the Plan Fiduciary of the BW Wings Management LLC Employee Benefit Plan (the "Plan"). Through this self-funded group plan, BW Wings provides eligible employees health insurance coverage. CIGNA and Orchestrate HR administer the Plan for BW Wings.

As is true of all ERISA employee benefit arrangements, the Plan dictates the terms for enrollment and eligibility of benefits. According to these terms, "[c]overage under the Plan will take effect for an eligible Employee and designated Dependents when the Employee and such Dependents satisfy all the eligibility requirements of the Plan." (The Plan, ECF No. 27-1, at 1). Failure to follow the eligibility or enrollment requirements could impact coverage under the Plan. In any event, no benefits are payable under the Plan for expenses incurred before coverage begins or after coverage is terminated.

An open enrollment period is annually held for those individuals who are dependents but have not applied for benefits under the Plan. The Plan also has special enrollment periods for the same purpose. Failure to timely enroll during the open season or a special enrollment period restricts eligibility for coverage. An employer or the Plan, retains "the right to rescind any coverage of the Employee and/or Dependents for cause … as of a date to be determined at the Plan's discretion." (Plan, at 17).

Mr. Taylor began working for BW Wings as a Regional Manager in early 2017. BW Wings twice promoted him, making him an Area Director and then the Director of Operations in February 2020. Mr. Taylor is married and he and Mrs. Taylor have a minor child, Z.T. As a full-time employee of BW Wings, Mr. Taylor was eligible to receive benefits from the Plan. The Plan also provides dependent benefits to eligible family members of an employee.

As part of Mr. Taylor's promotion to Director of Operations and Mr. Taylor's employment benefits, BW Wings promised Mr. Taylor that it would extend health insurance to Mrs. Taylor and Z.T. True to its word, BW Wings began providing health insurance under the Plan to Mrs. Taylor and Z.T. on March 1, 2020. Indeed, Mr. Taylor received email correspondence on March 3, 2020, that health insurance for Mrs. Taylor and Z.T. was effective March 1, 2020. All hunky-dory.

Later that spring, Mrs. Taylor was diagnosed with an aggressive form of breast cancer and was scheduled for surgery on July 29, 2020. On July 16, 2020, after Mrs. Taylor's surgery was scheduled but before it had occurred, Mark Jones (Jones), co-owner of BW Wings, informed Mr. Taylor that Mrs. Taylor's and Z.T.'s health insurance was improperly implemented under the Plan outside the open enrollment period, and the health insurance for Mrs. Taylor and Z.T. under the Plan would end on July 31. The next day, Mr. Taylor contacted David Moore (Moore), an insurance liaison for BW Wings, about the cancellation of Mrs. Taylor's and Z.T.'s health

insurance. Moore confirmed the cancellation would be effective July 31, 2020. On July 21, Mr. Taylor told Moore about Mrs. Taylor's surgery scheduled for July 29. The next day, Jones called Mr. Taylor and informed him that Mrs. Taylor's and Z.T.'s health insurance under the Plan would be retroactively cancelled to June 30, 2020. Because Mrs. Taylor had no health insurance and could not afford to pay out of pocket for the surgery, she was forced to postpone her breast cancer-related surgery.

C. Analysis

1. ERISA Interference Claim

"ERISA § 510 makes it unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant in an employee benefits plan for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." *Teamsters Loc. Union No. 705* v. *Burlington N. Santa Fe, LLC*, 741 F.3d 819, 826 (7th Cir. 2014) (cleaned up). "The primary focus of § 510 is to prevent unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights," *Meredith* v. *Navistar Int'l Corp.*, 935 F.2d 124, 127 (7th Cir. 1991), and interference claims have been understood to require "interference ... to the employment relationship which *gives rise* to an individual's benefit rights," *Teumer* v. *Gen. Motors Corp.*, 34 F.3d 542, 545 (7th Cir. 1994) (emphasis in original). But § 510 also "denote[s] actions that can be taken against a participant or beneficiary who is not an employee," meaning an existing employment relationship is not necessarily a prerequisite to an interference claim. *See Feinberg* v. *RM Acquisition, LLC*, 629 F.3d 671, 675 (7th Cir. 2011). An interference claim also requires a showing of specific intent to interfere with the participant's attainment of benefits. *Nauman* v. *Abbott Labs.,* 669 F.3d 854, 857 (7th Cir. 2012).

4

BW Wings argues that the Taylors' cannot state an interference claim under ERISA because they "cannot establish an entitlement to benefits" that were interfered with under the Plan. (ECF No. 32 at 6). From the get-go, however, BW Wings argument fails. "A claim can fail Rule 12(b)(6) two ways. It can be formally inadequate, by failing to meet the relevant pleading standard, or it can be substantively inadequate, by describing facts that do not amount to a legal wrong. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (explaining the difference between formal and substantive adequacy and illustrating with examples)." *Churchwick Partners, LLC v. Seal Keystone, LLC,* 2023 WL 2973801, at *1 (S.D. Ind. Apr. 17, 2023). BW Wings' argument falls under the latter category.

Yet while BW Wings argues that the Amended Complaint does not plead facts which show an entitlement to benefits, what it is asking the Plaintiffs to do is prove their entitlement to benefits at the pleading stage. But, the facts alleged must only sketch a claim that is "plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The complaint need not lay out all the facts that must eventually be proved to prevail at trial—that is what discovery is for. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002); *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("Litigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of Rule 8."). The Seventh Circuit has been clear:

> Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain ..." should stop and think: What rule of law *requires* a complaint to contain that allegation? ... Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later. A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (cleaned up).

The Taylors' allegations are not mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" considered insufficient by *Twombly.* 550 U.S. at 555. Rather, taking the allegations as true, the Taylors have pled they were entitled to dependent benefits under an ERISA plan (be it the Plan or a new plan created by the oral promises of the Defendant as alleged), they were granted benefits under an ERISA plan, and those benefits were rescinded by the Defendant to prevent paying for Mrs. Taylor's surgery. Assuming that the pleadings are true, the Court cannot say it is "beyond a doubt" that the plaintiff can prove no set of facts to establish a §510 violation under ERISA.

Defendant urges the Court to rely on cases holding that a defendant cannot be held liable under ERISA for failure to provide benefits for which plaintiff was ineligible under the terms of the plan. *See White v. E & F Distrib. Co. v. Employee's Pension Plan,* 922 F. Supp. 132, 141 (C.D. Ill. 1996); *Pierson v. Hallmark Mktg. Corp.* 990 F. Supp. 380, 389 (E.D. Pa. 1997). While Defendant's argument may be well-taken if the procedural posture of this case was different, both the cases cited by BW Wings were decided on summary judgment not at the pleading stage. Courts have "urge[d] litigants to rely on cases that were decided in the same procedural posture." *DeJaynes v. Powell*, 2022 WL 2657194, at *2 (N.D. Ill. July 8, 2022). "In memoranda supporting or opposing a motion to dismiss, cases that were decided on summary judgment (or on appeal of summary judgment) are not particularly helpful because of the differing standards." *Id.* (citations omitted). "Indeed, the Court is on dangerous ground when it relies on summary judgment opinions when it is deciding motions to dismiss." *Id.* (citations omitted).

Simply put, Defendant's argument that Plaintiff's cannot establish an entitlement to benefits is premature. Plaintiffs need not prove their entitlement to benefits in their Amended

6

Complaint. *See Carlson v. Northrop Grumman Corp.*, 2014 WL 1299000, at *4 (N.D. Ill. Mar. 31, 2014) (plaintiff did not need to prove an entitlement to severance benefits to survive a motion to dismiss). "Whether Plaintiffs had a right to benefits under the Plan is among the issues that will be fleshed out through discovery and decided at a later stage of litigation." *Id.* For now, the Court is persuaded that Plaintiff has alleged sufficient facts to support a plausible claim. As a result, the Court will not dismiss Plaintiffs' § 510 claim.

   **2. Preemption**

Defendant also seeks dismissal of the Taylors' state law claims under §514(a) of ERISA, otherwise known as the "conflict preemption" provision.[1] Section 514(a) states that ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a). Conflict preemption is "an affirmative defense upon which the defendants bear the burden of proof." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019) (quoting *Fifth Third Bank ex rel. Tr. Officer v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005)).

"Affirmative defenses do not justify dismissal under Rule 12(b)(6)." *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). Not only is preemption an affirmative defense, but the Seventh Circuit has acknowledged that "[i]t follows from this structure and from the plain language of Rule 8(c)(1) that an affirmative defense must be raised in the answer, not by motion." *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022) (citing *Vasquez v. Indiana Univ. Health, Inc.*, 40 F.4th 582, 588 (7th Cir. 2022)). Given that preemption is an affirmative defense that must

---

[1] "Conflict preemption" should not be confused with the "complete preemption" doctrine in ERISA §502(a). Unlike conflict preemption, which is a federal defense to state law claims, complete preemption is a jurisdictional doctrine that creates federal question jurisdiction over state-law claims that could have been brought as ERISA claims, thereby allowing their removal from state court to federal court. *See* 29 U.S.C. § 1132(a); *Franciscan Skemp Healthcare, Inc.* v. *Cent. States Joint Bd Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008).

be raised in an answer and not in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Defendant's preemption argument is not properly before the Court. *See King v. King*, 2023 WL 3346974, at *8 (S.D. Ill. May 10, 2023). Accordingly, the Motion to Dismiss the state law claims on the basis of preemption is DENIED.[2]

## CONCLUSION

Based on the reasoning above, the Defendant's Motion to Dismiss (ECF No. 31) is DENIED.

SO ORDERED on October 17, 2023.

                                                s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] Defendant does not ask the Court to ascertain whether the state court claims in the Amended Complaint state a claim for relief. It relies entirely on the argument that the claims are preempted under ERISA which, as discussed, must be raised in an answer.